# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON MICHAEL FRAZIER, | ) |
| Petitioner, | ) |
| | ) Civil Action No. 08-1585 |
| v. | ) Judge Cathy Bissoon |
| | ) |
| DAVID DIGUGLIELMO, *et al.*, | ) |
| Respondents. | ) |

## ORDER

Before this Court is Petitioner Jason Michael Frazier's ("Petitioner") Motion for Relief from Judgment, which he purportedly brings pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Doc. 55). Because this motion attacks a determination of Petitioner's habeas petition made on the merits, it properly is interpreted as a second or successive habeas petition, over which this Court lacks subject matter jurisdiction.

Petitioner Jason Michael Frazier ("Petitioner") filed his initial petition for writ of habeas corpus on November 17, 2008. (Doc. 1). This Court ultimately denied relief on December 27, 2011. (Docs. 45-47). Petitioner appealed, and a certificate of appealability was denied by the Court of Appeals for the Third Circuit on August 8, 2012. See Frazier v. Diguglielmo, No. 12-1107, slip op. (3d Cir. Aug. 31, 2012). *En banc* review was denied by the Court of Appeals on September 9, 2012. Finally, *certiorari* was denied on April 1, 2013. Frazier v. Wenerowicz, --- U.S. ----, --- S.Ct. ----, No. 12-8759, 2013 WL 1285375, at *1 (U.S. Apr. 1, 2013).

In his latest filing, Plaintiff moves this Court to reopen his case pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Specifically, he argues that this Court denied him due process and equal protection of law when it:

> misconstrued and misstated the factual record regarding Petitioner's Probable Cause claim, ruled on his Petition while it lacked jurisdiction due to Petitioner's pending state appeal which made said judgment void, and refused to address and adjudicate Petitioner's due process claim regarding the state courts' failure to afford him and [sic] evidentiary hearing for his newly discovered witnesses on direct appeal.

(Doc. 55 at 2). He also argues that, because he raises the instant arguments pursuant to Rule 60(b), he is not subject to AEDPA's rules regarding second or successive habeas petitions. Id.

As an initial matter, it is noteworthy that Petitioner's substantive arguments largely track some of those that he raised at the Court of Appeals in his motion for certificate appealability and petition for *en banc* rehearing. See generally Diguglielmo, No 12-1107 (Docs. 3110977258 and 3111004940). These arguments were rejected by that court, and this Court has no authority to second guess the Court of Appeals.[1]

Second, the order of this Court denying habeas relief explicitly was made on the merits. See (Doc. 45 at 7-8). While Petitioner talismanically invokes the "integrity of [his] federal habeas proceeding" in his motion (Doc. 55 at 6), the substance of his underlying arguments clearly is directed at the ultimate determination of the merits of the claims in his petition. See generally id. As such, Petitioner's attempt to attack that determination – even in the guise of a

---

[1] Because his arguments were presented to, and rejected by, the Court of Appeals, it strains credulity to believe that Petitioner was unaware of the lack of merit of his instant motion. Accordingly, Petitioner is cautioned that, by presenting this Court with motions that he knows to be frivolous, he exposes himself to the possibility of sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure, which apply to *pro se* litigants as well as to attorneys. Rader v. ING Bank, Nos. 09-340, 09-544, 09-781, 2010 WL 1403962, at *6 (D. Del. Apr. 07, 2010) (citing Thomas v. Connecticut Gen. Life Ins. Co., No. 02-MC-136, 2003 WL 22953189, at *3 (D. Del. Dec. 12, 2003)).

Rule 60(b) motion – is effectively a second or successive habeas petition, and must be filed with the Court of Appeals.  See Gonzalez v. Crosby, 545 U.S. 524, 532 and 532 n.4 (2005) (holding that a Rule 60(b) motion attacking a habeas determination that was made on the merits effectively raises a new "claim," and thus qualifies as a second or successive petition); see also 28 U.S.C. § 2253(c).

Finally, a certificate of appealability will be denied, as jurists of reason could not debate that that the instant motion is a second or successive petition.  See, e.g., Slack v. McDaniel, 529 U.S. 473, 484 (2000).

AND NOW, this 17th day of April, 2013,

IT IS HEREBY ORDERED that Petitioner's Motion for Relief from Judgment (Doc. 55) is DISMISSED for lack of subject matter jurisdiction.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated:  April 17, 2013          BY THE COURT:

                                s/Cathy Bissoon
                                CATHY BISSOON
                                UNITED STATES DISTRICT JUDGE


cc:
**JASON MICHAEL FRAZIER**
EM7522
165 SCI Lane
Greensburg, PA 15601

Counsel of record